JUANA GARCÍA VDA. DE CINTRÓN, substituida por LUIS TORO PÉREZ, demandante y apelante, *v.* JOSÉ F. VÁZQUEZ, como administrador judicial de los bienes de DON EMILIANO CINTRÓN BERRÍOS, demandado y apelado.

No. 4552: *Sometido:* Febrero 19, 1929. *Resuelto:* Junio 28, 1929.

*Luis Toro Cabañas,* abogado del apelante.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Luis Toro Pérez obtuvo sentencia a su favor en un pleito sobre cobro de dinero contra un administrador judicial, y se expidió orden de ejecución. Posteriormente, el demandante solicitó que se librara una orden de ejecución adicional (*alias writ*) contra la fianza prestada por el administrador. Esta moción fué declarada sin lugar, por el fundamento de que la fianza había sido prestada a favor de los herederos, y no de los acreedores.

En la moción se alegaba que el administrador había dejado de cumplir con una orden para que se consignara una suma de dinero que fuera suficiente para satisfacer la sentencia, y, por información y creencia, que la primera orden de ejecución no fué diligenciada por el márshal debido a que no halló en manos del administrador bienes algunos pertenecientes a la Sucesión. También se alega que la administración ha estado pendiente desde el 1921; que las deudas pudieron haber sido pagadas del activo, pero que los bienes fueron vendidos y se dispuso de su importe para otras atenciones, y que por espacio de más de seis años el administrador no había rendido informe alguno.

La moción no fué notificada a los fiadores, y el escrito de apelación tampoco lo fué. El alegato del apelante no contiene explicación alguna respecto a cómo podría trabarse un embargo sobre la fianza en cuestión bajo una orden de ejecución adicional, y no cita autoridad alguna en apoyo de la confiscación de tal fianza sin haberse notificado a los fiadores.

Para sostener la conclusión de que la corte inferior erró al declarar sin lugar la moción por el motivo consignado por el juez de distrito, el apelante cita 24 C. J. 1058, sec. 2533; Idem, 1082, sec. 2590; Id. 1083, sec. 2593; Id. 1078, sec. 2587; Id. 1076, sec. 2579; Id. 1076, sec. 2579 (4); Id. 1086, sec. 2603, (b); Id. 1067, sec. 2562 (c); e Id. 1067, nota 48 (a). No se analiza ni discute ninguno de los casos citados en apoyo del texto. Los que hemos tenido la oportunidad de examinar parecen haber girado sobre estatutos que exigen que se otorgue la fianza a favor de la sucesión para beneficio de los acreedores y de los herederos, o a favor de un juez que entienda en asuntos testamentarios (*probate judge*) con la cláusula independiente de que, al ser así otorgada, la fianza redundará en beneficio de todas las partes interesadas en la administración de la herencia. Podría ser que aun en ausencia de tal estatuto un acreedor pueda demandar a virtud de una fianza otorgada a favor de los herederos solamente. Esa

es cuestión que puede ser resuelta cuando se instituya tal procedimiento, y después de haberse dado a los fiadores la oportunidad de ser oídos. También podría ser que un administrador judicial pueda ser responsable personalmente haciendo caso omiso de la fianza, y que un fiador, por su propia conducta, pueda de igual modo ser personalmente responsable, independientemente de su obligación contractual. Pero no es ésa la teoría del presente procedimiento y no tenemos que resolverla.

No estamos al tanto de ninguna disposición en nuestro Código de Enjuiciamiento Civil que autorice un procedimiento sumario de la clase que aquí se trató de seguir, ni de precedente alguno en buena práctica que lo sostenga.

*Debe confirmarse la orden apelada.*